SHIRLEY SILK CO., Inc., v. GLOBE & RUTGERS FIRE INS. CO.

(Circuit Court of Appeals, Third Circuit. November 15, 1924.).

No. 3208.

Insurance ⬤▷166—Policy held to shipments only to or from place named.

A policy insuring a silk company against theft and risks of transportation within the limits of the United States and Canada on shipments of silk "outgoing and incoming made for account of the following business places of the assured: 184 Fourth Ave. Paterson, N. J.," *held* to cover shipments only to or from the business place named.

In Error to the District Court of the United States for the District of New Jersey; Wm. N. Runyon, Judge.

Action at law by the Shirley Silk Company, Inc., against the Globe & Rutgers Fire Insurance Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Weinberger & Weinberger, of Passaic, N. J. (Harry H. Weinberger, of Passaic, N. J., of counsel), for plaintiff in error.

William B. Gourley, of Paterson, N. J., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. This writ of error brings here for review a judgment of nonsuit entered in an action on a policy of insurance. The question involved is the construction of one of its provisions which, with the pertinent words italicized, reads as follows: The Globe & Rutgers Fire Insurance Company, in consideration of named premiums, "hereby insures Shirley Silk Co., Inc., Class of business Raw and Finished Silk, on shipments of merchandise, *outgoing and incoming*, made *for account of the following business places* of the assured: *184 Fourth Ave., Paterson, N. J.,* * * * to the amount of Fifteen thousand and ⁰⁰/₁₀₀ Dollars, * * * against losses caused by * * * theft, pilferage, * * * and all risks and perils of transportation, * * * during the time the property insured is in transit. * * * This policy covers only within the limits of the United States and Canada."

At the trial the plaintiff offered to prove that on a day within the term of the policy it had suffered a loss of more than $14,000 by the theft of nine cases of silk when in transit by motor truck from New York to a place in Paterson which was not its business place described in the policy, and sought to recover on the contention that the insurance afforded by the policy was not restricted to merchandise shipped to and from its place of business but extended to merchandise shipped anywhere in the United States and Canada "as the result of its business regularly conducted" at the named place, without regard to its origin or destination. The learned trial court held— and, we think, rightly—that under the plain terms of the policy insurance was limited to merchandise shipped into and out of the specified place and, accordingly, denied the plaintiff's tender of proof and entered judgment.

If the parties had intended by their contract of insurance to cover losses occurring in any kind of shipment anywhere in the United States and Canada, they would have said so; certainly there would have been no occasion to mention the place of business of the insured, except possibly for the purpose of identification, and then it would have appeared elsewhere. But they named "184 Fourth Ave., Paterson, N. J.," the business establishment of the insured, for a reason which is obvious. The policy covers "shipments of merchandise, outgoing and incoming." "Outgoing" from where? "Incoming" to what place? The policy answers these questions in the same paragraph by saying: "Shipments of merchandise, outgoing and incoming, *made for account of the following business places.*" Below these printed words there is a blank, large enough for the names of many places, in which, in this instance, there is the single address of "184 Fourth Ave., Paterson, N. J.," in typewriting. Giving these words their natural meaning, it is clear that the insurer, regarding the risks of shipments into and out of a place which would be under its observation and adjusting its premiums to the risks, limited *its* liability *to* shipments of merchandise going out of and coming into that place. As the shipment from which the loss in question arose neither left nor was destined to enter that place, the plaintiff failed to make a case within the policy. Therefore the judgment below is

Affirmed.